Reed, J.,
delivered the opinion of the court.
Thomas White (defendant in error) brought suit by replevin against James P. Brophy, to recover some horses, of which he claimed to be the owner, stating the value of the property at $250. The writ was served and the property delivered to the plaintiff. Meyer (plaintiff in error) claimed the property by virtue of a chattel mortgage executed by Brophy, and filed his petition as intervenor.
It appears that Brophy made no defense to the action of White or the intervention of Meyer. Left White and Meyer to adjudicate and settle the title.
The ease was tried to a jury; verdict .for plaintiff for the possession of the property, or in default of possession for $373, exceeding the value laid in the complaint $123. Motion was made to set aside the verdict and for a new trial; plaintiff’s counsel remitted the excess of $123. The motion was overruled and judgment entered as follows: “ It is considered, ordered, and adjudged that the said plaintiff do have and recover of and from the said intervenor Alex P. Meyer, *343 the possession of the property in controversy herein to wit, * * * or in case a return of said property cannot be had that he do have and recover of and from said intervenor, Alex F. Meyer, the sum of two hundred and fifty dollars, the value of said property, together with his costs by him laid out and expended in this behalf, taxed at seventeen and dollars, and let execútion issue therefor.” • . ■
When we realize that the suit was brought by White against Brophy, and that the sheriff delivered the property to White, who retained it, and that the intervenor had never had the possession, such a result would not seem to be conducive to the happiness of an individual who was unfortu-: nate enough to file a petition of intervention, and would rather have a tendency to discourage efforts of that kind in that vicinity.
It also appears that the plaintiff, while retaining the replevied property, sued out a writ of execution to make the amount of the judgment against the intervenor, and was stopped by the suing out of this writ of error.
It seems to this court that the ambition of the district court should have been fully satisfied by awarding judgment against the defendant Brophy, finding against the intervenor and dismissing his petition, and charging him with the necessary costs of intervention.
The judgment of the district court will be reversed as to all the parties, and remanded.

Reversed.